IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:11-CV-308-MR-DCK

| | |
|---|---|
| LISA G. CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) and Defendant's "Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Lisa G. Chapman ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On September 8, 2009, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning March 22, 2005. (Transcript of the Record of Proceedings ("Tr.") 56). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied

Plaintiff's application initially on November 29, 2009, and again after reconsideration on March 9, 2010. (Tr. 56). Plaintiff filed a timely written request for a hearing on April 5, 2010. Id.

On November 10, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Jennifer Whang ("ALJ"). (Tr. 8-33). In addition, Bassey A. Duke, a vocational expert ("VE"), Debbie Lasek, a hearing monitor, and Michelle Pritchard, claimant's attorney, attended the hearing. (Tr. 10, 56). During the hearing, Plaintiff amended the alleged onset date of her disability to September 15, 2009. (Tr. 12, 56).

On December 13, 2010, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 53-64). Plaintiff filed a request for review of the ALJ's decision on December 28, 2010, which was denied by the Appeals Council on September 20, 2011. (Tr. 1). The December 13, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. Id.

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 14, 2011 (Document No. 1). Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 12), were filed April 29, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of Summary Judgment" (Document No. 14), were filed June 28, 2012. This case was reassigned to Magistrate Judge David Keesler on September 10, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Martin Reidinger is now appropriate.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012).  "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence.  Hays, 907 F.2d at 1456;  King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations.");  Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").  Indeed, so long as the Commissioner's decision is supported by substantial

evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III.  DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between September 15, 2009, and the date of her decision.[1]  (Tr. 56).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from September 15, 2009, through the date of her decision, December 13, 2010.  (Tr. 64).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1)  whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2)  whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3)  whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting  42 U.S.C. § 423(d)(1)(A)).

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 64).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since September 15, 2009, her alleged disability onset date. (Tr. 58). At the second step, the ALJ found that Plaintiff's fibromyalgia, anxiety, and depression, were severe impairments. (Tr. 58).[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 59).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she requires a sit/stand option, allowing her to alternate between a sitting and standing position every thirty minutes; only occasional use of ramps and climbing stairs, but never climbing ladders, ropes, or scaffolds; should avoid hazards, including moving machinery and unprotected heights; is limited to simple, routine and repetitive tasks; requires a low stress job, defined as having only occasional decision making and occasional changes in work

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> setting; and should have only occasional direct interaction with the public.

(Tr. 60). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." Id. The ALJ further opined that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 62)

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 62). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 63). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included mail clerk, stock checker, apparel and garment sorter, and dry cleaning worker. (Tr. 63). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between September 15, 2009, and the date of her decision, December 13, 2010. (Tr. 64).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred at Step 2 in assessing Plaintiff's chronic headaches; and (2) the ALJ failed to consider the medical opinions of Plaintiff's primary care physician, Dr. John E. Dembski ("Dr. Dembski"). (Document No. 12). The undersigned will discuss each of these contentions in turn.

### A. Plaintiff's Headaches

First, Plaintiff argues that the ALJ "committed serious error by not considering Ms. Chapman's chronic migraine headaches to be a severe impairment." (Document No. 12, p.9). Plaintiff contends that Dr. Dembski's notes show that since September 2004, he had regularly evaluated, diagnosed, and treated Plaintiff's chronic migraine and tension headaches. Id. (citing Tr. 217, 219-22, 224-26, 228, 233-35, 240-41, 244-45, 276, 290-91). Plaintiff further contends that even though the medication prescribed by Dembski helped some, "it never really resolved her symptoms." Id. Plaintiff argues that the ALJ's conclusion that her headaches were "well controlled" on medication is not supported by evidence – including Dembski's treatment notes and Plaintiff's hearing testimony. (Document No. 12, p.10).

Citing Social Security Ruling 86-8, Plaintiff asserts that an impairment is "severe" if it is not just a "slight abnormality," but has more than a minimal effect on an individual's ability to do basic work activities. Id. (citing SSR 86-8). Plaintiff concludes that chronic headaches occurring up to several times a month are more than a slight abnormality, especially if they can last all day, or even for multiple days. Id. Plaintiff also argues that the ALJ erred by failing to consider the impacts of Plaintiff's headaches on her RFC. Id.

Defendant asserts that the ALJ did not question that Plaintiff suffered from headaches, and that her headaches were a medically determinable impairment. (Document No. 14, p.4) (citing Tr. 58). However, Defendant contends that "the existence of a diagnosis of chronic tension headaches does not establish that the impairment was severe." Id. (citing Gross v. Heckler, 785F.2d 1163, 1166 (4th Cir. 1986) (mere diagnosis of an impairment is insufficient to prove disability-the diagnosis must result in functional limitations that preclude a claimant's

ability to work). Defendant argues that substantial evidence supports the ALJ's determination that the condition was controlled by medication, and that Plaintiff has failed to meet her burden of establishing functional limitations stemming from her headaches. Id. Defendant further argues that the ALJ noted that Dr. Dembski's treatment notes repeatedly referred to her headaches as controlled with medication. Id. (citing Tr. 58). Specifically, Defendant cites the following observations by Dr. Dembski:

> On January 30, 2009, Dr. Dembski noted that Plaintiff continued to treat her headaches with Fioricet as needed, and she insisted that she was functioning normally during the day (Tr. 221). On April 30, 2009, Plaintiff reported that her headaches continued to occur off and on about every other week (Tr. 220). Plaintiff told Dr. Dembski on October 26, 2009, that her headaches still responded to Fioricet; her pain was rated at a 3/10 (Tr. 217). On January 25, 2010, Dr. Dembski noted that while Plaintiff's chronic headaches remained a problem, her medications allowed her to perform activities of daily living and stay functional (Tr. 276). Similarly, Dr. Dembski indicated on July 27, 2010, that her headaches responded to Fioricet, and on October 18, 2010, Dr. Dembski noted that Plaintiff's headaches responded to Fioricet "very well" (Tr. 296).

(Document No. 14, pp.4-5). Defendant contends that the ALJ accurately summarized the record and supportably concluded that Dr. Dembski's notes showed that the headaches responded to medication and did not present a functional limitation. (Document No. 14, p.5).

Defendant also contends that the ALJ found that Plaintiff's allegations were not fully credible, in part because her testimony that her medication did not help was inconsistent with Dr. Dembski's treatment notes, and that Plaintiff has not challenged the ALJ's credibility determination. Id. Defendant asserts that Plaintiff's testimony is the only support for her claim that her headaches would require her to miss multiple days of work. Id.

The undersigned finds Defendant's arguments persuasive. In particular, although Plaintiff asserts in her brief that the "ALJ's conclusion that Ms. Chapman's headaches were well controlled on medication is not supported by the evidence, including Dr. Dembski's treating notes," the undersigned observes that one of Dr. Dembski's more recent treatment notes specifically states that Plaintiff's headaches continue daily, "but respond to fioricett **very well**." (Tr. 296) (emphasis added). Contrary to Plaintiff's assertion, it appears that evidence, including Dr. Dembski's notes, supports the ALJ's finding that Plaintiff's headaches were well controlled by medication. The undersigned finds that the ALJ relied on substantial evidence in reaching a decision that Plaintiff's headaches were not a severe impairment.

To the extent the ALJ's conclusion conflicts with Plaintiff's testimony, it is not for this Court to re-weigh the evidence. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." Johnson v. Barnhart, 434 F.3d 650, 653 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir.1996)). As noted above, the ALJ in this case also specifically found that Plaintiff was not fully credible.

Based on the foregoing, the undersigned is not convinced that Plaintiff has adequately shown that the ALJ erred in her assessment of Plaintiff's headaches.

**B. Treating Physician Opinions**

Next, Plaintiff contends that the ALJ improperly assessed the medical opinions in this case. (Document No. 12, p.11). Specifically, Plaintiff argues that "[t]he ALJ wholly failed to consider Dr. Dembski's medical opinions that Ms. Chapman's conditions are debilitating, will

9

last forever, and prevent her from ever being able to return to work." Id. Plaintiff further states that the ALJ "erred by failing to even consider Dr. Dembski's opinions."

Although Plaintiff's allegation of error here is stated rather broadly, she actually only points to two (2) particular documents that she contends the ALJ failed to consider. (Document No. 12, p.11). Plaintiff specifically refers to: (1) a note apparently written on a prescription pad on March 6, 2007, that states "Lisa has debilitating fibromyalgia. This was diagnosed 3/22/05[.] It is likely to last forever"; and (2) a Burke County Department of Social Services form dated October 29, 2010, regarding Plaintiff's application for food assistance, in which Dr. Dembski purportedly opines that Plaintiff is disabled by "fibromyalgia and chronic headaches," and will "never" return to work. (Tr. 279, 299).

Defendant asserts that these two statements from Dr. Dembski are not medical opinions at all, but instead are opinions on "issues reserved to the Commissioner," and are entitled to no special significance. (Document No. 14, p.7) (citing 20 C.F.R. §416.927(d) (explaining that statements from a medical source that an individual is "disabled" or "unable to work" "are not medical opinions, as described in paragraph (a)(2)... but are, instead, opinions on issues reserved to the Commissioner.")); see also Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003) ("[t]he doctor's opinion [that the claimant was unable to work] was not a medical opinion within the meaning of the regulation.").

Contrary to Plaintiff's argument that the ALJ "wholly failed to consider Dr. Dembski's medical opinions," the decision is replete with references to Dr. Dembski's role as Plaintiff's primary care physician and his treatment notes and opinions. See (Tr. 58-59, 61-62). Included in the ALJ 's decision are at least two citations to Dr. Dembski's March 6, 2007 note that

10

Plaintiff's fibromyalgia is likely to last "forever." (Tr. 61). The ALJ observed that Dr. Dembski's records had elsewhere indicated that Plaintiff had "responded positively to fibromyalgia medication," and that Dr. Dembski had not referred her to a specialist, or to pain management or therapy treatments. Id. The ALJ concluded that Dr. Dembski's treatment notes did "not indicate that the claimant has lost all capacity for work." Id. Thus, although Dr. Dembski's statements that Plaintiff was permanently disabled because of her fibromyalgia (Tr. 277, 279) were entitled to no special significance, as they were opinions on issues reserved to the Commissioner, the ALJ still gave good reasons for rejecting the statements. Id. See 20 C.F.R. § 416.927(d). Plaintiff's contention that the ALJ failed to even consider Dr. Dembski's opinions is simply inaccurate.

Based on the foregoing, the undersigned is also not persuaded by Plaintiff's argument that the ALJ improperly assessed the medical opinions in this case.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) be **DENIED**;

Defendant's "Motion For Summary Judgment" (Document No. 13) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: December 21, 2012

David C. Keesler
United States Magistrate Judge